United States District Court
Southern District of Texas

**ENTERED**

May 21, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| SUSAN ELIZABETH DUVE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00158 |
| | § | |
| WILLIAM CHARLES FOREST, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION

"The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute "allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, *inter alia,* that he is unable to pay the costs of the lawsuit." *Id.* Because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," *id.*, federal courts are authorized to dismiss a claim filed *in forma pauperis* "at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). "To determine whether a particular order causes undue financial hardship, a court must examine the financial condition of the *in forma pauperis* applicant. This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

Here, Plaintiff reports having $1,000 of emergency cash on hand, $1,071 in a checking account, $1,500 in a savings account, and an employee stock ownership plan with "approximately $160,000 remaining." Dkt. 2 at 2. Plaintiff also reports assets totaling approximately $293,000. *See id.*

Plaintiff seems to believe that because none of these funds or assets constitute "income," that she should not be forced to pay the filing fee. *Id.* at 3. Specifically, Plaintiff contends that "paying the $402 filing fee would cause [her] significant hardship by further reducing [her] ability to pay for basic necessities." *Id.* That is true of every discretionary expense in life. But the standard is not whether paying the filing fee would reduce Plaintiff's ability to pay for necessities. The standard is whether "one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Rowland v. Cali. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993). Plaintiff will have $402 less if she pays the filing fee, but she will still be able to provide herself with the necessities of life. Accordingly, Plaintiff's application for IFP status (Dkt. 2) is **DENIED**. Plaintiff must pay the $402 filing fee to proceed with this litigation.

***If Plaintiff does not pay the filing fee <u>by Friday, May 29, 2026</u>, this action <u>will</u> be dismissed without prejudice.***

Plaintiff has 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 21st day of May 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

2