United States District Court
Southern District of Texas

**ENTERED**

May 26, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| SUSAN ELIZABETH DUVE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00158 |
| | § | |
| WILLIAM CHARLES FORREST, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION

On April 28, 2026, Plaintiff Susan Elizabeth Duve instituted this civil rights action in the Victoria Division against 108 defendants (one of whom is deceased).[1] *See* Dkt. 12. On May 19, 2026, Judge David S. Morales transferred this case to the Galveston Division because a substantial number of the events forming the basis of this lawsuit occurred in Matagorda County, which is in the Galveston Division. On May 21, 2026, this case was referred to me for all pretrial purposes. *See* Dkt. 16.

Plaintiff, representing herself, seeks ex parte relief from the court through her application for a temporary restraining order. *See* Dkt. 4. Plaintiff has also filed a motion to seal sensitive information regarding Plaintiff's adult daughter (Dkt. 3), a motion to appear remotely for all proceedings (Dkt. 5), and a motion for a protective order regarding Plaintiff's adult daughter (Dkt. 6). I will address each of these requests in turn.

---

[1] Plaintiff's list of defendants spans 13 pages. *See* Dkt. 1 at 12–24. Plaintiff has grouped these defendants into eight categories: (1) Private Actor Defendants – The Forrest Enterprise, including Plaintiff's estranged husband, his paramours, child, and alleged co-conspirators; (2) State Actor Defendants, including two judges, a court reporter, and seven police departments across two states; (3) Attorney Defendants; (4) Las Brisas Condo Defendants – Tenants and Property Managers; (5) ESOP and Financial Services Defendants; (6) Financial Advisor Defendants; (7) Commercial Defendants; and (8) Doe Defendants.

**APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff seeks a temporary restraining order. Specifically, Plaintiff requests

> an immediate Temporary Restraining Order, without notice to Defendants if necessary under Rule 65(b), enjoining Defendants Judge John C. Maher, Jr., Lauralee Collins Zalman, and all persons acting in concert with them from proceeding with the June 29, 2026 trial in Cause Nos. 22-H-0469 and 23-H-0160 [in Matagorda County], pending further order of this Court.

Dkt. 4 at 3.

I need not reach the merits of Plaintiff's motion because "[t]he Anti–Injunction Act prohibits federal courts from enjoining state court proceedings." *United States v. Sid-Mars Rest. & Lounge, Inc.*, 644 F.3d 270, 272 (5th Cir. 2011) (citing 28 U.S.C. § 2283), *opinion supplemented on denial of reh'g*, 654 F.3d 521 (5th Cir. 2011). Under the Anti–Injunction Act, "the presumption is that state courts are the best arbiters of state court jurisdiction; thus, state proceedings should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately the [United States] Supreme Court." *Total Plan Servs., Inc. v. Tex. Retailers Ass'n, Inc.*, 925 F.2d 142, 144 (5th Cir. 1991) (cleaned up). There are three "narrow" statutory exceptions to the Anti-Injunction Act, none of which apply here.[2] *Id.* Accordingly, I recommend that Plaintiff's motion for a temporary restraining order against state court proceedings be denied.

**MOTION TO APPEAR REMOTELY FOR ALL PROCEEDINGS**

Plaintiff asks that she be allowed to "appear by telephone or video conference for all hearings, conferences and proceedings in this action," and that her "address and location remain confidential and not be disclosed to Defendants." Dkt. 5 at 2. The first of these requests is easily granted, at least as to pretrial

---

[2] "A court of the United States may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." 28 U.S.C.A. § 2283.

2

proceedings. I handle nearly all court business by Zoom, unless the parties request to appear in person. Even when one party asks for an in-person hearing, I never make the other parties appear in person if they prefer to appear remotely. Accordingly, Plaintiff is free to appear by Zoom in all matters before me.

Trial, however, is a different story. Trial in this case will be before Judge Jeffrey V. Brown, not me. Judge Brown generally requires in-person appearances at all trials. Should this case proceed to trial, Plaintiff will need to renew her request for remote appearance to Judge Brown. But there is no need to cross that bridge now. There are 108 defendants in this case, none of whom have been served. Accordingly, trial is in the distant future.

As for Plaintiff's request that her address remain confidential, that is an unworkable ask. Plaintiff is appearing pro se. Defendants must have a good address for Plaintiff to serve their filings upon her. Moreover, Plaintiff, as a pro se litigant, is required to include her "address, e-mail address, and telephone number" on every filing. Fed. R. Civ. P. 11(a). Addresses are not typically information that the Federal Rules of Civil Procedure permit to be redacted from filings. *See* Fed. R. Civ. P. 5.2(a). Accordingly, Plaintiff's request keep her address confidential is denied without prejudice to refiling. If Plaintiff can substantiate the need to keep her address confidential *and* provide a workable solution for receiving service of documents from Defendants, then I will reconsider the issue.

## SERVING DEFENDANTS

Because Plaintiff "has prepaid the filing fee in this case in full," she "is responsible for service of process." *Judd v. F.C.C.*, 276 F.R.D. 1, 6 (D.D.C. 2011) (citation modified). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). In this case, Plaintiff could not have known that she would be responsible for serving Defendants until the court ruled upon her in forma pauperis application.

3

**So, I will give Plaintiff until Wednesday, August 19, 2026, to serve Defendants. But Plaintiff is warned: failure to serve a defendant by August 19, 2026, _will_ result in the dismissal of Plaintiff's case against that defendant.**

Plaintiff is also reminded that only a "person who is at least 18 years old *and not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). In other words, ***Plaintiff may not serve any Defendant herself***. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old ***and not a party*** may serve a summons and complaint." (emphasis added)).

Plaintiff should refer to the *Guidelines for Litigants Without Lawyers*, for further guidance on serving Defendants. To access this document, visit the Southern District of Texas homepage at https://www.txs.uscourts.gov. Select the "District Court" dropdown menu, then select "Local & Federal Rules." Access the *Guidelines for Litigants Without Lawyers* by clicking the text that reads: "Litigants Without Lawyers / Pro Se Parties." Plaintiff should pay special attention to paragraph 8, which covers the procedures Plaintiff must follow to request summons from the Clerk. *See also* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. . . . A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served."); Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.").

### MOTION TO SEAL

Plaintiff requests "an order permitting her to file under seal certain sensitive information regarding a third party, Jordyn Nicole Morales, her adult daughter." Dkt. 3 at 1. This request is denied without prejudice. The Fifth Circuit has instructed district courts to "undertake a case-by-case, document-by-document,

4

line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (cleaned up). Accordingly, I cannot properly evaluate a motion to seal without seeing the information that Plaintiff seeks to redact from the public record.[3] Additionally, the Galveston Division Rules of Practice—available on Judge Brown's and my webpages—set forth the procedure for filing a motion to seal:

> Per the court's Standing Protective Order, which can be found on Judge Brown and Judge Edison's webpages, if a party wishes to file a pleading, motion, or exhibit under seal, it must be accompanied by a motion to seal that undertakes the analysis required in *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–21 (5th Cir. 2021). Such motion must also be accompanied by a version of the document(s) to be sealed/redacted in which proposed redactions are highlighted. The court will not seal documents wholesale absent an extraordinary showing. Motions to seal and all exhibits to motions to seal should be filed as a *single*, combined document.

Gal. Div. R. Prac. 6(e). If Plaintiff wishes to file an amended motion to seal, she must follow this procedure.

### PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

Finally, Plaintiff seeks a protective order that would require any party to this litigation to seek an order from this court before serving any third-party discovery requests upon Plaintiff's adult daughter. *See* Dkt. 6-1. Plaintiff also wishes to prohibit parties and their counsel "from disclosing any information about [her adult daughter's] personal history, including any alleged trauma, to any third party." *Id.* at 1. This request is denied.

Plaintiff lacks standing to challenge hypothetical subpoenas issued to her daughter—an adult who is not party to this litigation.[4] To start, this court does not issue advisory opinions or rule on hypothetical disputes. No defendant has even

---

[3] Even if I could evaluate such a motion without seeing the information to be redacted, Plaintiff has not offered enough substance to know why I should permit the sealing of information concerning an adult who is not a party to this litigation.

[4] Plaintiff has not alleged that her adult daughter lacks capacity or that Plaintiff is her adult daughter's legal guardian, which might alter the analysis.

been served with notice of this case, so there are no subpoenas to which this court could direct its attention. More importantly, Plaintiff "do[es] not have standing to raise the issue of [her daughter]'s amenability to the compulsory process of the district court since [she has] . . . not alleged any personal right or privilege with respect to the materials [that might be] subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). Only Plaintiff's adult daughter has standing to challenge a subpoena issued to her, and only once such a subpoena has issued.

## CONCLUSION

For the reasons discussed above, I recommend that Plaintiff's application for a temporary restraining order (Dkt. 4) be **DENIED**. Additionally, I **GRANT** Plaintiff's request to appear remotely at all pretrial proceedings (Dkt. 5), but I **DENY** Plaintiff's request to keep her address confidential. I also **DENY** Plaintiff's motion to seal without prejudice to refiling (Dkt. 3). Finally, I **DENY** Plaintiff's motion for a protective order (Dkt. 6).

**Plaintiff must ensure that each defendant is properly served by August 19, 2026. Failure to serve a defendant by August 19, 2026, *will* result in the dismissal of Plaintiff's claims against that defendant.**

Plaintiff has 14 days from service of this Memorandum Opinion, Order, and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 26ᵗʰ day of May 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE