United States District Court
Southern District of Texas
**ENTERED**
May 29, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| SUSAN ELIZABETH DUVE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00158 |
| | § | |
| WILLIAM CHARLES FOREST, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

This case has been referred to me for all pretrial purposes. *See* Dkt. 16. On May 28, 2026, Shonda Hortness, a named-but-as-yet-unserved defendant, filed two motions: (1) Motion to Inspect and Obtain Copies of Exhibits (Dkt. 21) and (2) Combined Motion to Dismiss, Motion to Quash/Challenge Service, and Alternative Motion for More Definite Statement (Dkt. 22). I strike both motions as procedurally deficient.

The Local Rules require all papers to "have at the end a certificate reflecting *how* and *when* service has been made or why service is not required." S.D. Tex. L.R. 5.3 (emphasis added) (citing Fed. R. Civ. P. 5(b)). The certificate of service appended to Hortness's first motion states: "I certify that a true and correct copy of this Motion was served on all parties or counsel of record in accordance with the Texas Rules of Civil Procedure on this 28 day of May 2026." Dkt. 21 at 2. Similarly, the certificate of service appended to Hortness's second motion states: "I certify that a true and correct copy of this Motion was served on Plaintiff in accordance with the Federal Rules of Civil Procedure on this 28 day of May 2026." Dkt. 22 at 3. This is insufficient. Hortness must specify *how* she served Plaintiff. Was it by mail? Personal delivery? Leaving it at Plaintiff's office or usual place of abode? I will not assume that service has been completed without this information. Accordingly, I strike Hortness's motions for failure to comply with the Local Rules.

Before filing her motions again, Hortness should consider whether it is necessary to file any motions at this time. Hortness fails to specify how she learned of this litigation, but it is impossible that Hortness or any other defendant has been served with a summons in this matter because the Clerk has yet to issue a summons for any defendant. I have given Plaintiff until August 19, 2026, to serve each defendant with summons and her complaint as required by Rule 4. *See* Dkt. 19. Because the Clerk has yet to issue summonses, and because the time has not expired for Plaintiff to serve the defendants, it would be premature for me to consider whether Hortness has received sufficient service of process. If Hortness is not properly served with a summons and complaint by August 19, 2026, Plaintiff's claims against Hortness will be dismissed.

This court will not entertain premature motion practice from unserved defendants. Unless and until Hortness is served with a summons and complaint, there is no service-of-process dispute for this court to resolve. Thus, Hortness need not, and should not, burden this court with motion practice unless and until she is served with a summons and complaint.

SIGNED this 29th day of May 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

2