United States District Court
Southern District of Texas
**ENTERED**
June 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| SUSAN ELIZABETH DUVE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | 3:26-cv-158 |
| | § | |
| WILLIAM CHARLES FORREST, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**MEMORANDUM AND RECOMMENDATION**

On May 21, 2026, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 16. Judge Edison filed a memorandum opinion, order, and recommendation on May 26, 2026, recommending that the plaintiff's application for a temporary restraining order, Dkt. 4, be denied. Dkt. 19.

On June 3, 2026, the plaintiff filed her objections to the memorandum and recommendation. Dkt. 31. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court.

The plaintiff objects that Judge Edison erred in recommending denial of her application for a temporary restraining order against a state court proceeding due to the Anti-Injunction Act. Specifically, the plaintiff contends that the Racketeer Influenced and Corrupt Organizations Act ("RICO") provides a statutory exception to the Anti-Injunction Act. As the plaintiff notes, some courts have held that RICO provides a statutory exception to the Anti-Injunction Act "in extraordinary circumstances where the state court is itself an instrument of the racketeering enterprise." Dkt. 31 at 1; *see State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Practice P.C.*, 120 F.4th 59, 97 (2d Cir. 2024) ("[W]here multiple meritless proceedings are a part of a scheme to violate the relevant federal law in order to give that law its intended scope, an injunction of state-court proceedings could fall within the 'expressly-authorized' exception" to the Anti-Injunction Act.). This, however, is not one of those extraordinary circumstances because the plaintiff has not established a racketeering enterprise.

An enterprise is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "A RICO enterprise can be either a legal entity or an association-in-fact." *Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995).

Because the defendants in this case are dozens of individuals across multiple states and various industries, the plaintiff must allege an association-in-fact enterprise.

"An association-in-fact enterprise . . . must function as a continuing unit as shown by a hierarchical or consensual decision making structure." *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 243 (5th Cir. 1988). There is nothing in the record to indicate that the state court judge whose proceedings the plaintiff seeks to enjoin is part of any "continuing unit" as required to establish a RICO enterprise. *Boyle v. United States*, 556 U.S. 938, 948 (2009). Thus, it matters not whether RICO provides a statutory exception to the Anti-Injunction Act, because an injunction is not warranted here. The plaintiff's objections are overruled.

It is therefore ordered that:

(1)    Judge Edison's memorandum and recommendation, Dkt. 19, is approved and adopted in its entirety as the holding of the court; and

(2)    The plaintiff's application for a temporary restraining order, Dkt. 4, is denied.

SIGNED on Galveston Island this 17th day of June 2026.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

3