United States District Court
Southern District of Texas

**ENTERED**

June 30, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| SUSAN ELIZABETH DUVE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00158 |
| | § | |
| WILLIAM CHARLES FORREST, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

On June 15, 2026, Plaintiff Susan Duve purported to remove two state-court proceedings into this case. On June 18, 2026, Judge Jeffrey V. Brown dismissed Plaintiff's notice of removal as frivolous. In doing so, Judge Brown expressed concern that Plaintiff "relied on generative artificial intelligence in crafting her notice of removal, and that such use has needlessly interfered with this court's workload and unnecessarily disrupted state-court proceedings." Dkt. 48 at 2. Judge Brown ordered Plaintiff "to file a letter, addressed to [me], . . . addressing: (1) what Fifth Circuit authority the plaintiff is referencing in her notice of removal; and (2) whether the plaintiff used generative artificial intelligence to prepare her notice of removal." *Id.* at 3. Judge Brown instructed me "to take whatever action he believes necessary to preserve the integrity of this court's operations." *Id.*

On June 23, 2026, Plaintiff filed the required letter confirming that no Fifth Circuit authority exists to support the statements made in her notice of removal, and that she "used generative artificial intelligence as a research and drafting aid while preparing the Notice of Removal." Dkt. 49 at 1. Plaintiff acknowledges that she "did not independently verify every legal citation, quotation, and proposition of law generated during that process." *Id.* Plaintiff also affirms that she recognizes that, as a pro se litigant, she has an obligation to independently verify legal authorities and quotations before presenting them to this court. *See id.* at 2.

Plaintiff's failure to verify legal authorities, quotations, and propositions of law before filing her notice of removal was a serious misstep. It caused unnecessary work for this court and disrupted state-court proceedings. But Plaintiff's response to that misstep reflects candor and professionalism. Considering Plaintiff's pro se status, her candor, and her assurance that she understands her obligations going forward, no additional corrective action is warranted.

I recognize the benefits of GenAI to the legal profession and to pro se litigants. But GenAI is only a tool, and tools must be used with care. Federal Rule of Civil Procedure 11(b)(2) provides that, by presenting a paper to the court, an "attorney or unrepresented party" certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." By now, it is well known that GenAI can generate nonexistent cases, inaccurate quotations, and unsupported propositions of law. Every filer *must* <u>check</u> <u>their</u> <u>work</u>. That responsibility is especially clear for licensed attorneys, who are officers of the court, trained in legal research, and subject to professional obligations beyond those imposed by Rule 11. A licensed attorney who fails to verify GenAI content should not expect the same leniency extended here to a pro se litigant who promptly acknowledged her error and accepted responsibility.

Plaintiff is warned: such leniency will not be extended again. Any future filing containing fabricated, misquoted, or unsupported legal authority will result in sanctions, such as striking the filing or awarding attorneys' fees to a party forced to respond to such a filing. The court is confident, based on Plaintiff's letter, that Plaintiff understands this warning and that her future use of GenAI will not unnecessarily increase this court's workload.

SIGNED this 30th day of June 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

2