United States District Court
Southern District of Texas
**ENTERED**
August 03, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| SUSAN ELIZABETH DUVE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00158 |
| | § | |
| WILLIAM CHARLES FORREST, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

On April 28, 2026, Plaintiff Susan Elizabeth Duve instituted this civil rights action against 108 defendants. One of those defendants is Shonda Hortness. On May 28, 2026, Hortness filed several motions before she was served with process. *See* Dkts. 21, 22. I issued an order denying those motions and cautioning Hortness to "consider whether it is necessary to file any motions" given that she had not been served. Dkt. 23 at 2. Despite my order of caution and despite the absence of any proof of service in the record, Hortness filed an answer, a motion for appointment of counsel, and an application to proceed in forma pauperis on July 28, 2026. *See* Dkts. 51, 52. Hortness is apparently determined to litigate this case as a defendant, even though it may never be necessary to do so.[1]

Having reviewed the pleadings, I recommend that the court sua sponte dismiss Duve's claims against Hortness because Duve fails to state a claim upon which relief

[1] Hortness states that she "is submitting all documents at this time because she is scheduled to undergo a major surgical procedure that will require two days to complete, followed by an uncertain recovery period. Because this medical circumstance will likely extend beyond the 21-day period for responding, [she] wishes to ensure that all necessary documents are filed in a timely manner and that no deadlines are inadvertently missed while she is recovering." Dkt. 51 at 1–2. I appreciate Hortness's concern for timeliness, but the better course of action would have been to simply request an extension of time to respond. Moreover, simply filing an answer does not stop this case. There will continue to be deadlines, and without knowing when Hortness is scheduled to have surgery or how long she will be in recovery, I cannot meaningfully extend time.

may be granted and deny Hortness's remaining requested relief as moot. I also recommend that the court sua sponte dismiss: (1) Duve's civil rights conspiracy claim under 42 U.S.C. § 1985(3) as to every defendant because Duve fails to allege the race-based animus required to state a § 1985(3) claim against any defendant; and (2) Duve's intentional infliction of emotional distress claim against all defendants except William Charles Forrest for failure to allege extreme and outrageous conduct.

**LEGAL STANDARD**

Dismissal is warranted when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

When determining whether a plaintiff has stated a claim, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Fifth Circuit "hold[s] pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right

to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *see also Twombly*, 550 U.S. at 555.

"A district court may dismiss a complaint for failure to state a claim on its own motion as long as the procedure is fair." *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 888 (5th Cir. 2021) (quotation omitted). Fairness "requires both notice of the court's intention and an opportunity to respond." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quotation omitted). "This report is such notice. [Duve's] objections to this report, if any, are [her] opportunity to be heard." *Crosswell v. Rodriguez*, No. 4:22-cv-01105, 2023 WL 6206911, at *8 (S.D. Tex. Sept. 8, 2023), *report and recommendation adopted as modified sub nom. Crosswell v. Martinez*, No. 4:22-cv-01105, 2023 WL 6207754 (S.D. Tex. Sept. 25, 2023), *aff'd*, 120 F.4th 177 (5th Cir. 2024).

**ANALYSIS**[2]

Duve asserts the following claims against Hortness: (1) RICO conspiracy under 18 U.S.C. § 1962(d); (2) civil rights conspiracy under 42 U.S.C. § 1985(3); (3) conversion; (4) intentional infliction of emotional distress; and (5) civil conspiracy. Duve also seeks injunctive relief against Hortness and other defendants in the form of an order requiring "them to cease all contact, stalking, and harassment of Plaintiff and her daughter." Dkt. 1 at 66. I will address each claim in turn.

Before I address Duve's claims against Hortness, the following are the principal factual allegations against Hortness:

> 17. Defendant SHONDA HORTNESS is an individual, citizen of Texas, and resident of Matagorda County, Texas. Hartness is [Duve's ex-husband's] romantic partner and co-conspirator, who was installed in the marital residence at 211 E. Austin Avenue, Palacios, Texas, within two weeks of [Duve]'s flight for safety on September 11, 2022. Hartness has engaged in a sustained campaign of harassment, stalking, and witness intimidation against [Duve], including:
>
> a. Sending taunting photographs of [Duve]'s personal and professional belongings piled in garbage bags;

---

[2] Although I have reviewed Hortness's filings, I have not considered the factual assertions in her answer or the exhibits attached to her answer in determining whether Duve states a claim against Hortness.

> b. Occupying and converting [Duve]'s separate property;
>
> c. Filing a false, frivolous complaint against [Duve] with the Texas Board of Chiropractic Examiners in 2023, alleging failure to update a business address while [Duve] was in hiding from domestic violence—a complaint the Board ultimately dropped after nearly two years of investigation, with no finding of wrongdoing;
>
> d. Sending [Duve] a Facebook message in February 2025, apologizing and attempting to "befriend" her shortly after [Duve] filed complaints with the U.S. Department of Justice—an act constituting witness tampering and consciousness of guilt.
>
> . . . .
>
> Upon information and belief, [Jammie McCartney] has colluded with Forrest and Hortness to conceal assets and frustrate [Duve]'s enforcement of the Final Decree.

Dkt. 1 at 13; *see also id.* at 40 (repeating the same allegations). With these allegations in mind, I will examine whether Duve has stated a claim against Hortness.

### A. RICO CONSPIRACY

"RICO creates a civil cause of action for '[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. §] 1962.'" *Brown v. Protective Life Ins. Co.*, 353 F.3d 405, 407 (5th Cir. 2003) (quoting 18 U.S.C. § 1964(c)). Duve alleges that Defendants violated 18 U.S.C. § 1962(d). *See* Dkt. 1 at 8. According to the Fifth Circuit

> [Subsections 1962(a)–(d)] state, in their simplest terms, that:
>
> (a) a person who has received income from a pattern of racketeering activity cannot invest that income in an enterprise;
>
> (b) a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering;
>
> (c) a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity; and
>
> (d) a person cannot conspire to violate subsections (a), (b), or (c).

*Abraham v. Singh*, 480 F.3d 351, 354–55 (5th Cir. 2007) (quotation omitted). To state a claim for RICO conspiracy under § 1962(d), Duve must allege: "(1) that two or more people agreed to commit a substantive RICO offense and (2) that [Hortness] knew of and agreed to the overall objective of the RICO offense." *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 239 (5th Cir. 2010) (quotation omitted).

Duve does not plausibly allege the second element as to Hortness: that Hortness knew of and agreed to the overall objective of a substantive RICO offense. Duve nominally recites that element: "Each Defendant, by their conduct alleged herein, agreed to participate in the conduct of the enterprise's affairs through a pattern of racketeering activity." Dkt. 1 at 57. And Duve alleges in conclusory fashion that "each Defendant committed at least two predicate acts." *Id.* But those are legal conclusions that the court is not required to credit when evaluating whether a complaint states a claim. *See Iqbal*, 556 U.S. at 678.

The only Hortness-specific allegations are that Hortness: (i) was Duve's ex-husband's romantic partner and moved into the marital residence; (ii) sent Duve photographs of Duve's belongings in garbage bags; (iii) occupied or converted Duve's property; (iv) filed an allegedly false complaint with the chiropractic board; and (v) later sent an apologetic Facebook message that Duve characterizes as witness tampering. None of these allegations show that Hortness knew of the alleged RICO objective or that she agreed with anyone to further that objective. At most, they allege a romantic relationship with an alleged conspirator; hostile or tortious conduct toward Duve; and participation in a discrete property dispute. Because Hortness's knowledge and agreement cannot be reasonably inferred from any of the factual allegations in Duve's complaint, Duve's RICO conspiracy claim against Hortness should be dismissed. *See Aaes v. 4G Cos.*, No. CIV.A. H-11-975, 2012 WL 949040, at *8 (S.D. Tex. Mar. 20, 2012) (dismissing civil RICO conspiracy claim because "Plaintiffs have not advanced any claim that . . . Defendants knew of the existence of a conspiracy . . . nor that they agreed to join in such acts. Nor do any of the facts in their complaint support such a conclusion.").

## B. CIVIL RIGHTS CONSPIRACY

Duve alleges that all Defendants, including Hortness, "conspired for the purpose of depriving [Duve] of the equal protection of the laws and of equal privileges and immunities under the laws" in violation of 42 U.S.C. § 1985(3). Dkt. 1 at 58. The Fifth Circuit has explained the requirements to state a claim under § 1985(3):

> A plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class

> of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. In so doing, the plaintiff *must show that the conspiracy was motivated by a class-based animus*.

*Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994) (emphasis added) (cleaned up). The Fifth Circuit "require[s] an allegation of a race-based conspiracy" for a § 1985(3) claim to survive the motion-to-dismiss stage. *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000).

Here, Duve "has alleged no racial animus, so her claim fails" as to Hortness and as to every other defendant. *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 271 (5th Cir. 2001). Because Duve has not alleged racial animus, I recommend that her § 1985(3) claim be dismissed outright as to every defendant.

### C. Conversion

Duve alleges that Hortness is liable for conversion of Duve's "chiropractic equipment and personal belongings left at the Palacios residence." Dkt. 1 at 60–61. "Texas law defines conversion as 'the unauthorized and unlawful exercise of dominion and control over property inconsistent with or to the exclusion of another's superior rights in that property.'" *Nat'l Union Fire Ins. Co. of Pittsburgh v. Care Flight Air Ambulance Serv., Inc.*, 18 F.3d 323, 325 (5th Cir. 1994) (quoting *Vickery v. Tex. Carpet Co.*, 792 S.W.2d 759, 762 (Tex. App.—Houston [14th Dist.] 1990, writ denied)). To state a claim for conversion, Duve must allege:

> (1) [she] owned, had legal possession of, or was entitled to possession of the property; (2) [Hortness] assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with [Duve]'s rights; and (3) [Hortness] refused [Duve]'s demand for return of the property.

*Hunt v. Baldwin*, 68 S.W.3d 117, 131 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

Duve's conversion claim against Hortness fails as to every element. To start, Duve does not identify the property in question beyond "chiropractic equipment and personal belongings left at the Palacios residence." Dkt. 1 at 60–61. Second, Duve does not allege that she had legal possession of this property or that she was entitled to possession of this property. Third, Duve fails to allege that Hortness assumed and

exercised dominion and control over any property in an unlawful or unauthorized manner. Finally, Duve alleges that her ex-husband "[r]etained [Duve]'s personal and professional belongings as hostage, refusing to return them," *id.* at 40, but Duve does not allege that Hortness failed to return Duve's belongings. Nor does Duve allege that she demanded return of any specific property from Hortness as opposed to Duve's ex-husband.[3]

### D. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Duve alleges that each of the 108 defendants that she has named, including Hortness, have "acted with the intent to cause, or reckless disregard of the probability of causing, [Duve] severe emotional distress." Dkt. 1 at 61. Duve claims that she "has suffered severe emotional distress, including PTSD, anxiety, depression, migraines, insomnia, hypervigilance, and physical illness, as a direct result of Defendants' conduct." *Id.*

To state a claim for intentional infliction of emotional distress, Duve must allege that: "(1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions of the defendant caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 611 (Tex. 1999).[4] Conduct is extreme and outrageous only where it is "so outrageous in character, and so extreme in degree, as to go beyond all

---

[3] I do not credit Duve's conclusory allegation that she "demanded return of her property; Defendants refused." Dkt. 1 at 61. Duve has sued 108 defendants, and she asserts conversion against nine of them. These nine defendants have vastly different relationships to Duve. In addition to Hortness, Duve asserts conversion against her ex-husband, her ex-husband's adult child, current and former tenants and their romantic partners, and a property manager and his associate. *See id.* at 8, 12, 13, 20. Stating generally that she demanded return and "Defendants" refused does not put Hortness on notice of the conduct relevant to Duve's conversion claim against Hortness. *See* Fed. R. Civ. P. 8.

[4] The law is the same in Arkansas and New York, states where Duve alleges that other defendants have committed intentional infliction of emotional distress. *See, e.g.*, *Jones v. Clinton*, 990 F. Supp. 657, 676 (E.D. Ark. 1998) ("the conduct was extreme and outrageous and utterly intolerable in a civilized community"); *Sorrell v. County of Nassau*, 162 F. Supp. 3d 156, 172 (E.D.N.Y. 2016) ("extreme and outrageous conduct, measured by the reasonable bounds of decency tolerated by society").

possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994) (quotation omitted). "Generally, insensitive or even rude behavior does not constitute extreme and outrageous conduct. Similarly, mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities do not rise to the level of extreme and outrageous conduct." *GTE Sw., Inc.*, 998 S.W.2d at 612 (cleaned up).

Here, Duve's intentional infliction of emotional distress claim fails as to Hortness—and every other defendant except Forrest—because all Duve alleges are insults, indignities, threats, annoyances, petty oppressions, and other trivialities. Simply put, there is nothing in Duve's complaint that qualifies as extreme and outrageous conduct. Accordingly, Duve's intentional infliction of emotional distress claim should be dismissed as to Hortness and as to every defendant except Forrest.[5]

### E. Civil Conspiracy

Duve alleges that every defendant, including Hortness, is liable for civil conspiracy because they each "agreed, by words or conduct, to accomplish an unlawful purpose or a lawful purpose by unlawful means" and "committed overt acts in furtherance of the conspiracy, as alleged throughout [Duve's complaint]." Dkt. 1 at 62. The court should sua sponte dismiss this claim against Hortness.

The Texas Supreme Court has clarified the five elements a plaintiff must allege to state a claim for civil conspiracy under Texas law:

> (1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and (5) damages occur as a proximate result. An actionable civil conspiracy requires *specific intent* to agree to accomplish something unlawful or to accomplish something lawful by unlawful means. This inherently requires a *meeting of the minds* on the object or course of action. Thus,

[5] This is not to say that Duve has necessarily stated an intentional infliction of emotional distress claim against Forrest. That question cannot be addressed until Forrest has been served, appeared, and given the opportunity to brief that issue. But the conduct that Duve alleges by Forrest is so different in quantity and character from her allegations against the other defendants that it would be inappropriate for the court to consider sua sponte dismissing Duve's intentional infliction of emotional distress claim against Forrest.

> an actionable civil conspiracy exists only as to those parties who are *aware of the intended harm or proposed wrongful conduct at the outset of the combination or agreement*.

*First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017) (emphasis added) (cleaned up).

Here, Duve's state-law civil conspiracy claim against Hortness fails for the same reason as her RICO conspiracy claim against Hortness: there is simply nothing in the complaint from which I can plausibly infer that Hortness reached an agreement with anyone, much less the specific intent of that agreement. Accordingly, Duve's civil conspiracy claim against Hortness should be dismissed.

### F. Injunctive Relief

Duve seeks injunctive relief from this court against Hortness in the form of an order that would require Hortness "to cease all contact, stalking, and harassment of [Duve] and her [adult] daughter." Dkt. 1 at 66. "Plaintiffs may only obtain injunctive relief if they can demonstrate a likelihood of success on the merits of an underlying claim." *Harris Cnty. Cmty. Dev. LLC v. JP Morgan Chase, Nat'l Ass'n*, No. 4:24-cv-3812, 2025 WL 1287751, at *4 (S.D. Tex. May 2, 2025). As discussed above, Duve cannot state any claim against Hortness. Accordingly, Duve necessarily cannot obtain injunctive relief against Hortness.[6] Thus, Duve's request for injunctive relief against Hortness should be dismissed.

## CONCLUSION

For the reasons discussed above, I recommend that the court sua sponte dismiss all Duve's claims against Hortness for failure to state a claim upon which relief may be granted and deny Hortness's remaining requested relief as moot. I further recommend that the court sua sponte dismiss: (1) Duve's civil rights conspiracy claim

[6] Even if Duve could seek injunctive relief against Hortness, Duve's request for an injunction against Hortness has no foundation in Duve's complaint. By Duve's own admission, the last time that Hortness contacted Duve was in February 2025. It is difficult to see any basis for enjoining Hortness from contacting Duve when Hortness has not contacted Duve in more than a year. As for Duve's adult daughter, Duve does not assert any claims on her adult daughter's behalf, and this court cannot enjoin conduct as to Duve's adult daughter because she is not a party before the court.

against all defendants under § 1985(3) for failure to allege the race-based animus required to state such a claim; and (2) Duve's intentional infliction of emotional distress claim against all defendants except Forrest for failure to allege extreme and outrageous conduct.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 3rd day of August 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE