United States District Court
Southern District of Texas
**ENTERED**
August 19, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| SUSAN ELIZABETH DUVE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00158 |
| | § | |
| WILLIAM CHARLES FORREST, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**

On April 28, 2026, Plaintiff Susan Elizabeth Duve instituted this civil rights action against 108 defendants. Pending before me are three motions to dismiss filed by Defendants William Charles Forrest, Tammy Jones-Deem, and Vanguard asserting, among other things, insufficient service of process. *See* Dkts. 59, 60, 69. Also pending before me is Plaintiff's motion for extension of time to complete service of process. *See* Dkt. 73. Because Plaintiff's motion and the returns of service that her "process server" has filed in this case make clear that all her service attempts in this case thus far have been improper, I recommend that the motions to dismiss for insufficient service of process be granted. I further recommend that Plaintiff be given 21 days from the date this recommendation is adopted to effectuate proper service on Forrest, Jones-Deem, Vanguard, and all defendants that Plaintiff has yet to serve.[1]

The Federal Rules of Civil Procedure require personal service by either:

> (A) delivering a copy of the summons and of the complaint to the individual personally;

[1] Defendants Shonda Hortness; Onsite Truck & Trailer Services; Matson Money Group; Nacogdoches Police Department; Jeanne Caldwell McDowell; Sonnie Hildreth; Love's Travel Stops & Country Stores, Inc.; Lauralee Collins Zalman; and Angela Mash have all appeared and filed either answers or Rule 12(b) motions without challenging service of process. *See* Dkts. 51, 57, 62, 65, 68, 70, 76, 112, 113.

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). Alternatively, service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Here, Plaintiff has attempted to serve defendants by following Texas state law, which allows service via certified mail. *See* Dkt. 73 at 2. Specifically, Texas law permits service by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a)(2). Texas law requires, however, that service be made only by "(1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified by the Judicial Branch Certification Commission." Tex. R. Civ. P. 103. Additionally, any return of service made by a process server must include the process server's "identification number and the expiration date of his or her certification." Tex. R. Civ. P. 107(10).

Plaintiff has enlisted Tim Phillips of Plano, Texas, to assist her in serving defendants. Phillips does not claim to be a sheriff or constable, and this court has not authorized Phillips to make service in this case. Rather, Phillips identifies himself as a "Process Server" in each of the 35 returns that he has filed with this court. *See* Dkts. 77–111 at 1. Phillips has not, however, provided an identification number of his certification as a process server or its date of expiration.

Texas law defines "process server" as "a person who is certified by the commission under order of the supreme court to serve process." Tex. Gov't Code Ann. § 156.001(2). Phillips is not a process server certified by the Judicial Branch Certification Commission. *See Licensee Search*, Texas Office of Court

Administration Judicial Branch Certification Commission (JBCC), https://jbcctexas.txcourts.gov/Protected/LIC/LicenseeSearch.aspx?Program=LCI&PubliSearch=Y#noback (last visited Aug. 19, 2026) (showing only three licensed process servers with the last name Phillips, none of whom are Tim Phillips). Thus, Phillips has filed 35 returns of service with this court under penalty of perjury falsely claiming to be a process server.

Despite the false returns of service, I do not think that Plaintiff or Phillips have intentionally tried to defraud this court. "It seems that Plaintiff has confused the more lenient federal rule, allowing any disinterested party to serve process, with Texas' more stringent requirement." *Lucky v. Haynes*, No. 3:12-cv-2609, 2013 WL 3054032, at *3 (N.D. Tex. June 18, 2013) (finding service of process insufficient under factually identical circumstances). Federal Rule of Civil Procedure 4(c)(2) permits service by "[a]ny person who is at least 18 years old and not a party." But that provision applies only to methods of service authorized by the Federal Rules. "Since Plaintiff attempted to serve process via certified mail under Texas law, as allowed by Federal Rule 4(e)(1), [s]he was bound to comply with all of the requirements of Texas law." *Lucky*, 2013 WL 3054032, at *3. That means Plaintiff must also comply with Texas Rules of Civil Procedure 103 and 107 regarding *who* may make service and *what* must be listed on a return.

Texas Rule of Civil Procedure 107(10) requires any return of service made by a process server to include the process server's "identification number and the expiration date of his or her certification." Failure to include such information renders the return of service defective. *See Bhakta v. Krisu Hosp., LLC*, No. 07-18-00156-CV, 2019 WL 6205458, at *3–4 (Tex. App.—Amarillo Nov. 20, 2019, pet. denied) (holding that "failure to include the expiration date of a process server's certification" was a fatal defect). Because Phillips is not certified as a process server, he has no identification number or expiration date to include. Thus, whether evaluated under Texas Rule of Civil Procedure 103—because Phillips is not a person authorized to make service—or Rule 107, the returns of service filed

by Phillips are false and defective. Accordingly, the motions to dismiss challenging service of process (Dkts. 59, 60, 69) should be granted.

The remedy for insufficient service of process, however, is rarely dismissal. *See Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959) ("But while the Court's conclusion . . . does affirm the District Court's action in setting aside the service of process made herein on Holmes, it does not necessarily follow that the final order of dismissal was proper at this stage."). Rather, where it appears that valid service may be attained, the plaintiff should be afforded at least one more opportunity to properly serve defendants. This rule is particularly true in cases like this where the plaintiff is proceeding pro se and the rules are confusing. Thus, I recommend that Plaintiff be given 21 days from the date this recommendation is adopted to properly serve Forrest, Jones-Deem, Vanguard, and any other defendant that Plaintiff has yet to serve.

On August 3, 2026, I recommended that the court sua sponte (1) dismiss Plaintiff's claims against Defendant Shonda Hortness; (2) dismiss Plaintiff's civil rights conspiracy claim under 42 U.S.C. § 1985(3) as to every defendant because Plaintiff fails to allege the race-based animus required to state a § 1985(3) claim; and (3) dismiss Plaintiff's intentional infliction of emotional distress claim against all defendants except William Charles Forrest for failure to allege extreme and outrageous conduct. *See* Dkt. 53. When I issued that recommendation, there were no returns of service in the record, and no other defendants had appeared in the case. Now, several defendants have appeared and filed answers or motions to dismiss, some of which challenge this court's subject matter jurisdiction. Accordingly, the better course of action is to first sort out the many service issues in this case, have Duve file a single response to the many motions to dismiss, then issue an omnibus memorandum and recommendation. If I grant any of the motions to dismiss, I will then allow Plaintiff to amend her complaint once, rather than dealing with piecemeal motions to dismiss and amendments. *See Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383,

394 (5th Cir. 2024) ("Normally, plaintiffs facing a motion to dismiss go through a process of receiving briefing from the movant, conducting research and submitting opposing briefing to the district court, and finally receiving a ruling identifying potential flaws in their original complaint."). I therefore withdraw my August 3, 2026 memorandum and recommendation. *See* Dkt. 53.

## CONCLUSION

For the reasons discussed above, I recommend that the court grant the motions to dismiss challenging service of process. *See* Dkts. 59, 60, 69. To the extent these defendants have sought dismissal on other grounds, they may reassert those defenses if they are properly served.

I further recommend that Plaintiff's motion for an extension of time to complete service of process be granted (Dkt. 73), and that Plaintiff be given 21 days from the date this recommendation is adopted to cure the defects in service for (1) Forrest, Jones-Deem, and Vanguard, and (2) the defendants that Plaintiff has yet to serve.

I am indefinitely extending Duve's deadline to respond to every motion to dismiss that has been and will be filed in this case. Once all defendants have been served and appeared, I will set a deadline for Duve to file a single, consolidated response to the motions to dismiss. **Duve should NOT file a response to any motion to dismiss until she receives an order giving her a deadline to file a single, consolidated response to all the motions to dismiss that have been and will be filed in this case.**

Finally, I withdraw my August 3, 2026 memorandum and recommendation. *See* Dkt. 53. Once all the defendants in this case have been served and have had an opportunity to file a responsive pleading, I will issue an omnibus memorandum and recommendation on the many motions to dismiss.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R.

Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 19th day of August 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE