United States District Court
Southern District of Texas
ENTERED
September 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| SUSAN ELIZABETH DUVE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00158 |
| | § | |
| WILLIAM CHARLES FORREST, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION

On April 28, 2026, Plaintiff Susan Elizabeth Duve instituted this civil rights action against 109 defendants.[1] On August 19, 2026, I recommended that three motions to dismiss challenging service of process filed by Defendants William Charles Forrest, Tammy Jones-Deem, and Vanguard be granted, and that Duve be given 21 days from the date my recommendation was adopted to cure the defects in service for the defendants who had challenged service of process and to accomplish service on those defendants that Duve had yet to serve. *See* Dkt. 120. Duve did not file objections to my August 19, 2026 memorandum and recommendation, which Judge Jeffrey V. Brown adopted as the court's opinion on September 4, 2026. *See* Dkt. 135. Judge Brown granted the motions to dismiss filed by Defendants Forrest, Jones-Deem, and Vanguard, and gave Duve "until September 25, 2026, to effectuate proper service on Forrest, Jones-Deem, Vanguard, and all defendants that [Duve] has yet to serve." *Id.* at 2. Judge Brown explicitly warned Duve: "**Failure to timely serve any defendant by this**

---

[1] Of these 109 defendants, 72 defendants are unknown/unidentified: 70 Does, one "Court Report – Name Unknown," and one "Sarah Unknown." On September 8, 2026, Judge Brown dismissed 17 named defendants at Duve's request. *See* Dkt. 137. That leaves 20 named defendants remaining.

**deadline *<u>will</u>* result in the dismissal of that defendant without prejudice.** *See* Fed. R. Civ. P. 4(m).” *Id.*

To date, Duve has not properly served the following defendants:

1. William Charles Forrest
2. Tammy Jones-Deem
3. Judge John C. Maher, Jr.
4. Judge Ben Hardin
5. Janice L. Hawthorne
6. Matagorda County Sheriff's Department
7. Sue A. Vaughan
8. Whitney L. Thompson
9. Pete Zurita
10. Joy Ray Hurtung
11. Vanguard

Duve has had ample notice and opportunity to effectuate proper service of process on these defendants. She was explicitly warned that failure to timely serve any of these defendants by September 25, 2026, would result in the dismissal of her claims against that defendant. *See* Dkt. 135 at 2. The court has already dismissed Duve's claims against Forrest, Jones-Deem, and Vanguard, and Duve has not cured the service defects that led to that dismissal. *See id.* I further recommend that the court dismiss Duve's claims against Maher, Hardin, Hawthorne, Matagorda County Sheriff's Department, Thompson, Zurita, and Hurtung for insufficient service of process.

On August 25, 2026, Vaughan filed a motion to dismiss challenging, among other things, service of process. *See* Dkt. 129. Vaughan argues that because the “return of service on file with the Court is not accompanied by a signed document return receipt (‘green card’),” Duve's claims against Vaughan should be dismissed for insufficient service of process. *Id.* at 1–2. Vaughan is correct. Whenever service is accomplished by registered or certified mail, Texas Rule of Civil Procedure 107(c) requires that “the return . . . contain the return receipt with the addressee's signature.” The return of service for Vaughan states: “No Green Card.” Dkt. 104 at 1. Because “[t]he record affirmatively demonstrates that the return receipt is not

attached to the officer's return as Rule 107 requires," the service is defective. *14.9 Grams of Methamphetamine v. State*, 28 S.W.3d 146, 148 (Tex. App.—Texarkana 2000, no pet.). Thus, Vaughan's motion to dismiss for insufficient service of process should be granted. Duve should not be afforded time to cure the defective service on Vaughan, however, because she was notified of the defect in Judge Brown's September 4, 2026 order, and she should have cured that defect by September 25, 2026.

With those 11 defendants dismissed, we are left with nine defendants who have appeared and filed answers or motions to dismiss without challenging service of process:[2]

1. Shonda Hortness
2. Jeanne Caldwell McDowell
3. Lauralee Collins Zalman
4. Angela Mash
5. Stewart's Shops Corporation Employee Stock Ownership Plan
6. Stewart's Shops Corp.
7. NBT Wealth
8. Palacios Police Department
9. Jammie McCartney

Except for Hortness and McDowell, these defendants have filed motions to dismiss. *See* Dkts. 112, 113, 130, 138. Hortness and McDowell have filed answers. *See* Dkts. 51, 134. Hortness and McDowell, however, have each asserted that Duve fails to state a claim upon which relief may be granted. *See* Dkt. 51 at 9; Dkt. 134 at 32–33. Accordingly, I will construe Hortness's and McDowell's answers as motions to dismiss. I will give Duve until <u>Friday, October 30, 2026</u>, to file responses to five of these motions to dismiss.[3] *See* Dkts. 51, 112, 113, 134, 138. Regarding Hortness

[2] *Golden v. Cox Furniture Mfg. Co., Inc.*, 683 F.2d 115, 118 (5th Cir. 1982) (affirming that the defendant "waived its right to object to the court's jurisdiction because it voluntarily appeared, pleaded, and participated in the case without first asserting the defect in service of process," and therefore the defense was waived).

[3] I previously stated that I would "set a deadline for Duve to file a single, consolidated response to the motions to dismiss." Dkt. 120 at 5. At that time, I did not know how many defendants Duve would ultimately serve. The remaining nine defendants are quite different. Hortness and McCartney are individuals proceeding pro se. McDowell is a

and McDowell, I sua sponte identified in my now-withdrawn August 3, 2026 memorandum and recommendation (Dkt. 53) why Duve fails to state a claim against Hortness upon which relief can be granted. The points identified in that memorandum and recommendation apply with equal force to McDowell. If Duve wishes to preserve her claims against Hortness and McDowell, she should address the pleading deficiencies identified in my August 3, 2026 memorandum and recommendation.

There is one motion, however, for which briefing would be patently futile. The Palacios Police Department is not a juridical entity that is capable of being sued. "In order for a plaintiff to sue a city department, it must enjoy a separate legal existence." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quotation omitted). The Palacios Police Department does not have a legal existence that is separate from the City of Palacios. *See generally*, *Ostrewich v. City of Palacios*, No. 3:23-cv-00110, 2024 WL 1258672, at *1 (S.D. Tex. Mar. 25, 2024) (although plaintiff was terminated by the Palacios Police Department, his claims were against the City of Palacios). Because Duve has sued an entity that is not capable of being sued,[4] the court should dismiss her claims against the Palacios Police Department.

## CONCLUSION

For the reasons discussed above and in my August 19, 2026 memorandum and recommendation, I recommend that the court grant Vaughan's motion to dismiss for insufficient service of process (Dkt. 129), and dismiss Duve's claims

---

private mediator and Zalman is an attorney representing Duve's ex-husband in their state court divorce proceedings. Mash, the Stewart's Shops entities, and NBT Wealth are the only remaining "financial services" entities against which Duve has assert ERISA claims. Finally, the Palacios Police Department is a municipal entity. Because these defendants are all so differently situated, there is little to be gained from consolidated briefing.

[4] Duve voluntarily asked to dismiss the Nacogdoches Police Department because it is a "non-jural entity incapable of being sued under Texas law." Dkt. 131 at 2. The same is true of the Palacios Police Department.

against Defendants Maher, Hardin, Hawthorne, Matagorda County Sheriff's Department, Vaughan, Thompson, Zurita, and Hurtung for insufficient service of process.

I further recommend that the court grant the Palacios Police Department's motion to dismiss (Dkt. 130).

I will give Duve until Friday, October 30, 2026, to file responses to the five outstanding motions to dismiss. *See* Dkts. 51, 112, 113, 134, 138.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 29th day of September 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE