United States District Court
Southern District of Texas
**ENTERED**
October 14, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| SUSAN ELIZABETH DUVE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00158 |
| | § | |
| WILLIAM CHARLES FOREST, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION**

On May 21, 2026, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 16. Judge Edison filed a memorandum opinion, order, and recommendation on September 29, recommending that the court do three things: (1) grant defendant Sue A. Vaughan's motion to dismiss for insufficient service of process, dkt. 129—for the same reasons stated in Judge Edison's August 19th memorandum and recommendation, dkt. 120, which this court adopted on September 4, dkt. 135; (2) dismiss the plaintiff's claims against defendants Judge John C. Maher Jr., Judge Ben Hardin, Janice L. Hawthorne, the Matagorda County Sheriff's Department, Sue A. Vaughan, Whitney L. Thompson, Pete Zurita, and Joy Ray Hurtung for insufficient service of process; and (3) grant the Palacios Police Department's motion to dismiss, dkt. 130. Dkt. 141.

Thirty-three minutes after Judge Edison filed his memorandum and recommendation on September 29, dkt. 141, the clerk docketed the plaintiff's notice of non-objection to the August 19th memorandum and recommendation, dkt. 120, and request for extension of time to cure service, dkt. 142. The plaintiff requested the court "order that the 21-day period to cure service does not begin until Plaintiff has returned to Texas." Dkt. 142. The plaintiff did not specify when she would return to Texas. On October 5, the clerk docketed the plaintiff's motion for extension of time to effect service, in which the plaintiff requested that the court grant the plaintiff an extension of unspecified time to effect service. Dkt. 150.

On October 13, the clerk docketed the plaintiff's objections, dkt. 151, to the September 29th memorandum and recommendation, dkt. 141. In that document, the plaintiff requests a 30-day extension to effect service on defendants William Charles Forrest, Tammy Jones-Deem, Vanguard, Maher, Hardin, Hawthorne, the Matagorda County Sheriff's Department, Vaughan, and Thompson. *Id.* at 3. The plaintiff "does not object to the dismissal of Defendants Pete Zurita and Joy Ray Hurtung." *Id.* at 1. The plaintiff does not address Judge Edison's recommendation that the Palacios Police Department's motion to be dismiss be granted because the Palacios Police Department is not a juridical entity that is capable of being sued.

This court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." 28 U.S.C. § 636(b)(1)(C). After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3). Because the plaintiff's request for extension of time, motion for extension of time, and objections all raise the same issue, the court will address these documents simultaneously.

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court.

The court will, however, grant the plaintiff's motion for extension of time, dkt. 151, and give the plaintiff one final extension of 21 days to effect service on Forrest, Jones-Deem, Vanguard, Maher, Hardin, Hawthorne, Vaughan, and Thompson. No further extensions of time to effect service will be given. Failure to effect service by November 5 will result in the dismissal of the plaintiff's claims against any unserved defendant.

The court will not grant the plaintiff an extension of time to serve the Matagorda County Sheriff's Department. The Matagorda County Sheriff's Department, like the Palacios Police Department and the Nacogdoches Police Department, is not a juridical entity that is capable of being sued. The plaintiff has until November 5 to show cause why the Matagorda County Sheriff's Department should also not be dismissed as a non-juridical entity.

It is therefore ordered that:

(1) Judge Edison's memorandum and recommendation (Dkt. 141) is approved and adopted in its entirety as the holding of the court;

(2) The Palacios Police Department's motion to dismiss (Dkt. 130) is granted and the plaintiff's claims against the Palacios Police Department are dismissed;

(3) The plaintiff's motion for an extension of time to effect service (Dkt. 150) is granted in part;

(4) The plaintiff has until Thursday, November 5, 2026, to effect service on Forrest, Jones-Deem, Vanguard, Maher, Hardin, Hawthorne, Vaughan, and Thompson or face dismissal of her claims against any unserved defendant; and

(5) The plaintiff has until Thursday, November 5, 2026, to show cause why the Matagorda County Sheriff's Department should not be dismissed as a non-juridical entity; and

(6) The plaintiff's claims against Zurita and Hurtung are dismissed without prejudice. The clerk is instructed to terminate these defendants as parties to this case.

SIGNED on Galveston Island this 14th day of October 2026.

Jeff Brown

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE